**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAYS INNS WORLDWIDE, INC.,  a
Delaware Corporation,

                  Plaintiff,

      v.

5 STAR, INC., an Idaho Corporation,
JASWINDER LAL, an individual,
GURDEEP KAUR, an individual, and JOHN
BANGA, an individual,

                  Defendants.

**OPINION and ORDER**

Civ. No. 09-1009 (WHW)

**Walls, Senior District Judge**

       Days Inns Worldwide, Inc. ("Days Inns") moves for default judgment against defendant 5 Star, Inc. ("5 Star") only.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument.  Because 5 Star has violated a court order and has failed to appear, Days Inns' motion for default judgement is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

       Days Inns, a hotel company, has the exclusive right to sublicense the use of its trademarks and service marks ("Days Inns Marks").  (Ver. Compl. ¶¶ 11-12.)  Days Inns and 5 Star entered into a license agreement dated July 11, 2003, which allowed 5 Star to operate a Days Inns lodging facility.  (Ver. Compl. ¶ 20; Ex. A to Ver. Compl.)  The license agreement was to last 15 years.  (Ver. Compl. ¶ 21.)  Under the terms of the agreement, 5 Star was to make periodic payments to Days Inns for royalties, service assessments, taxes, interest, reservation

NOT FOR PUBLICATION

system user fees, annual conference fees, and other fees (collectively, the "recurring fees").

According to the terms of the license agreement, 5 Star was also required to prepare and submit

monthly revenue reports and maintain accurate financial information.   (Ver. Compl. ¶¶ 23-24;

Ex. A to Ver. Compl.)  Defendants Jaswidner Lal, Gurdeep Kaur and John Banga gave Days

Inns a guaranty of 5 Star's obligations under this agreement, (Ver. Compl. ¶¶ 34-35; Ex. C to

Ver. Compl.), and promised that they would "immediately make each payment and perform or

cause to be performed each obligation required of Licensee under the agreement."  (Ex. C to Ver.

Compl.)  An addendum for satellite connectivity services was also executed between the parties

on July 11, 2003.  (Ver. Compl. ¶ 32; Ex. B to Ver. Compl.)

        The license agreement allowed Days Inns to terminate the agreement if 5 Star failed to

pay amounts owed under the license agreement or failed to remedy "any other default of its

obligations or warranties under the License Agreement within 30 days after receipt of written

notice from DIW specifying one or more defaults under the License Agreement."  (Ver. Compl.

¶ 25; Ex. A to Ver. Compl.)  5 Star agreed to pay liquidated damages in the amount of $61,000

in the event of a termination of the license agreement and $1,000 in liquidated damages in the

event that the addendum to the license agreement was terminated.  (Ver. Compl. ¶¶ 26-27.)

After a termination of the agreement, 5 Star would be prohibited from using the Days Inns

Marks.

        Under the terms of the license agreement any past due amounts were subject to interest

and the non-prevailing party would "pay all costs and expenses, including reasonable attorneys'

fees, incurred by the prevailing party to enforce this Agreement or collect amounts under this

Agreement."  (Ver. Compl. ¶¶ 30-31.)

**NOT FOR PUBLICATION**

On November 19, 2007, Days Inns advised 5 Star by letter that: (1) it was in breach of the license agreement for failing to pay the recurring fees, (2) according to the license agreement, it had 30 days to cure this monetary default, and (3) if the default was not cured, the license agreement was subject to termination. (Ver. Compl. ¶ 37; Ex. D to Ver. Compl.)   Days Inns again wrote to 5 Star on February 11, 2008, claiming that $79,387.77 in recurring fees was due under the license agreement and reminding 5 Star of Days Inns' ability to terminate the license agreement if the past due monies were not paid. (Ver. Compl. ¶ 38; Ex. E to Ver. Compl.)   After the requested fees were not paid, Days Inns terminated the license agreement by letter on March 24, 2008 and advised 5 Star that:

> (a) [5 Star] was to immediately discontinue the use of all trade names, service marks, signs, and other forms of advertising, and other indicia of operation as a Days Inns Facility, and to discontinue the use of other materials on the premises effectively to distinguish the same from its former appearance as a Days Inns System facility, (b) all items bearing the Days Marks had to be removed, (c) all signs and any listings in directories and similar guides in which the Facility was identified as a Days Inn had to be changed, (d) it was required to pay DIW as liquidated damages for premature termination the sum of $62,000 as required under the License Agreement and Addendum, (e) it had to de-identify the Facility within 14 days from the receipt of the notice, and (f) demand was made for all outstanding Recurring Fees through the date of termination.

(Ver. Compl. ¶ 39.)

Days Inns alleges that despite the termination of the license agreement and its requests that 5 Star deflag the facility, 5 Star has continued to use the Days Inns Marks (Ver. Compl. ¶ 43.)

On March 6, 2009, Days Inns filed a complaint against the defendants alleging a violation of the Lanham Act and breach of contract, and requested restitution, disgorgement of profits for misuse of the Days Inns Marks, liquidated damages, or actual damages if the liquidated damages provision was found unenforceable and a declaratory judgment concerning its rights to deflag the

**NOT FOR PUBLICATION**

property. 5 Star was served with process on March 26, 2009. (ECF No. 7.) The McDaniel Law

Firm filed an answer on behalf of 5 Star on August 24, 2009, but withdrew as counsel for 5 Star

in August 2010. The Magistrate Judge informed 5 Star that it had thirty days to retain new

counsel. If counsel was not obtained she would request that default be entered against it. (ECF

No. 28.) Since then, 5 Star has neither appeared through counsel, nor requested an extension of

time to obtain new counsel. Days Inns requested entry of default against 5 Star on October 25,

2010, which the Clerk of Court entered.

Days Inns then moved for the entry of a default judgment in the amount of $767,965.44.

This amount is comprised of (1) $123,580.82 for recurring fees owed under the agreement, (2)

$92,012.48 for liquidated damages, (3) $526,520.94 for damages under the Lanham Act, and (4)

$25,851.20 for attorneys fees. Although served, 5 Star has not filed any opposition to this

motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment.

The power to grant default judgment "has generally been considered an 'inherent power,'

governed not by rule or statute but by the control necessarily vested in courts to manage their

own affairs so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma

Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). Because a default judgment

prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of

defaults or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192,

194 (3d Cir. 1984). Accordingly, the Third Circuit has clarified that, while "the entry of a

default judgment is left primarily to the discretion of the district court," this "discretion is not

NOT FOR PUBLICATION

without limits," and cases should be "disposed of on the merits whenever practicable." Hritz, at 1181 (citations omitted); see also $55,518.05 in U.S. Currency, 728 F.2d at 194-95.

Several factors are to be considered by courts in determining "whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). The court must, however, make "an independent inquiry into 'whether the unchallenged facts constitute a legitimate cause of action'" and "must make an independent determination" regarding questions of law. Days Inns Worldwide, Inc. v. Mayu & Roshan, L.L.C., No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).

A court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### Corporation Without Counsel in Federal Court

Because 5 Star is a corporation, it may only appear through a licensed attorney. First Franklin Fin. Corp. v. Rainbow Mortg. Corp., Inc., No. 07-5440, 2010 WL 4923326, at *1 (D.N.J. Nov. 23, 2010) (citing Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966)).

**NOT FOR PUBLICATION**

The Magistrate Judge's order correctly informed 5 Star of this requirement and stated that default would be entered against it if it failed to obtain new counsel within thirty days.

Normally "when the basis for entry of default against a corporation is failure to appear with counsel, the findings underlying the entry of default should be rendered after a fair hearing. Due process demands at least an informal hearing for presentation of evidence and explanations of the defendant, its counsel, and the opposing party.  However, in extreme cases, as when a pro se defendant has engaged in willful disobedience to the Federal Rules of Civil Procedure and orders rendered by the court, entry of default judgment will not be set aside."  Newman v. Axiom Worldwide, No. 05-5564, 2010 WL 2265227, at * 2 (D.N.J. June 2, 2010) (citing 9A Fletcher Cyc. Corp. § 4700 (internal citations omitted)).

Here, such a hearing is unnecessary.  After the withdrawal of its counsel, 5 Star has failed to comply with the Magistrate Judge's order and has failed to defend against Days Inns' claims. More than six months have elapsed since 5 Star was ordered to obtain new counsel, yet 5 Star has neither obtained counsel nor requested any extensions.  Such "willful disobedience justifies entry of default without a hearing."  Axiom, 2010 WL 2265227, at * 3.  The Clerk's entry of default was appropriate.

### *Liability*

Because a party seeking a default judgment is not entitled to such relief as a matter of right, the court may enter a default judgment "only if the plaintiff's factual allegations establish a right to the requested relief."  Nautilus Ins. Co. v. Triple C Const., Inc., No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011).

#### *Contract*

Days Inns seeks a judgment of $767,965.44.  Of this amount, $123,580.82 is requested

for recurring fees due under the agreement, and $92,012.48 for liquidated damages.  Days Inns alleges that it is owed these amounts due to a breach of contract.  To properly make out a breach of contract claim, Days Inns must allege: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach.  AT&T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1990).

Days Inns has satisfied each of these elements.  Days Inns alleges that it "entered into the License Agreement . . . with 5 Star for the operation of a 61-room guest lodging facility." (Ver. Compl. ¶ 20.)  Second, it alleges that the defendants breached the contract because they have failed to pay the recurring fees and liquidated damages owed under the agreement.  (Ver. Compl. ¶¶ 37-39, 63-63, 71-73.)  Days Inns has also alleged damages relating to these claims totaling $215,593.30.

### Lanham Act

Days Inns brings claims under both § 32(a) and § 42(a) of the Lanham Act (codified at 15 U.S.C. §§ 1114(a) and 1125(a)).  The elements for claims under these sections are the same where the argument is "that the defendant's use of a protected mark is causing confusion as to the affiliation of goods or services."  Howard Johnson Intern., Inc. v. Vraj Brig, LLC, No. 08-1466, 2010 WL 215381, at *5 (D.N.J. Jan. 14, 2010).  "To prove trademark infringement, a plaintiff must show that: (1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark to identify goods or services is likely to create confusion concerning the origin or the goods or services."  Id.

Days Inns has satisfied each of these elements.  Plaintiff has adequately pleaded ownership of a valid and protectable mark because it alleges that it "has the exclusive right to sublicense the use of various trade names and service marks (which are on the principal register

**NOT FOR PUBLICATION**

of the United States Patent and Trademark Office), logos, and derivations thereof." (Ver. Compl. ¶ 12.) "Registration of a mark under § 2 of the Lanham Act . . . entitles the owner to a presumption that its mark is valid." Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205, 209 (2000).

Days Inns also alleges that even though 5 Star no longer has permission to use the Days Inns Marks, it has continued to make use of the marks in connection with its lodging facility. Days Inns further avers that such use "caused and is likely to continue to cause confusion or mistake among prospective or actual customers." (Ver. Compl. ¶ 46.) Confusion exists where "the consumer viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." Fisons Horticulture, Inc. v. Vigoro Indus., Inc., 30 F.3d 466, 472 (3d Cir. 1994) (quotation omitted). Because Days Inns asserts that 5 Star has continued to use the Days Inns Marks yet is no longer affiliated with Days Inns, plaintiff has adequately pleaded the possibility of confusion and made out a claim for trademark infringement.

### *Attorneys' Fees*

Under section 17.4 of the license agreement, the prevailing party in an action to enforce the agreement is entitled to recover "all costs and expenses, including reasonable attorneys' fees" from the non-prevailing party. Attorneys' fees clauses are enforceable in New Jersey. Howard Johnson Intern., Inc. v. Vraj Brig, LLC, No. 08-1466, 2010 WL 215381, at * 4 (D.N.J. Jan. 14, 2010). Because Days Inns has submitted supporting documentation, its request for attorneys' fees will be granted.

**Propriety of Entry of Default Judgment**

As Days Inns has properly served the defendant with process, the Clerk of the Court has

**NOT FOR PUBLICATION**

entered default against 5 Star, and plaintiff has established legitimate causes of action for breach of contract and violations of the Lanham Act, the Court must now determine whether default judgment is appropriate, by evaluating "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164.

If a default judgment is not entered, Days Inns will continue to be harmed "because [it] will not be able to seek damages for [its] injuries due to defendant's continuing refusal to comply with Court orders." Newman v. Axiom Worldwide, No. 06-5564, 2010 WL 2265227, at *5 (D.N.J. June 2, 2010).  Furthermore, the amounts owed on the Recurring fees and the liquidated damages are subject to interest.  The defendant will owe Days Inns more money the longer it does not receive payment, causing additional harm.  See Cathay Bank v. Green Natural Food Inc., No. 09-5200, 2010 WL 1541509, at *2 (D.N.J. Apr. 10, 2010).   Furthermore, because a corporation may not proceed in federal court pro se, without a default judgment Days Inns would be "denied the ability to timely prosecute [its] claims."  Thompson v. Wyrks Tool & Mach. Ltd, No. 09-581, 2010 WL 3008608, at *1 (W.D. Pa. July 26, 2010).

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 869-70 (3d Cir.1984) (citation omitted).  5 Star has filed an answer in which it denies many of the allegations in the complaint, denies having sufficient knowledge to admit or deny other allegations, and presents affirmative defenses.  It alleges that Days Inns violated the agreement and that it ceased operating as a Days Inns lodging facility in March 2008.  If defendants' statements are true, they would constitute a meritorious defense to plaintiff's claims. This factor weighs against granting default judgment.

9

**NOT FOR PUBLICATION**

As to the third factor, culpable conduct "is conduct that is taken wilfully or in bad faith." Hill v. Williamsport Police Dept., 69 F. App'x 49, 52 (3d Cir. 2003) (quotations omitted). "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (citation omitted). Culpable conduct is found here because 5 Star has disregarded the Magistrate Judge's order to obtain counsel and has not sought an extension of time. Newman, 2010 WL 2265227, at * 5. Days Inns requested an entry of default and served 5 Star when it moved for entry of a default judgment. 5 Star is obviously aware of these proceedings, but has chosen not to respond.

The default judgment analysis shows that two prongs weigh qualitatively in favor of Days Inns and one prong weighs qualitatively in favor of 5 Star. Given this, default judgment is appropriate.

**Damages**

Days Inns requests a default judgment in the amount of $767,965.44. This amount is comprised of (1) $123,580.82 for recurring fees and interest under the agreement, (2) $92,012.48 for liquidated damages and interest, (3) $526,520.94 for damages under the Lanham Act, and (4) $25,851.20 for attorneys' fees.

The Lanham Act damages were calculated by multiplying the average monthly recurring fee that Days Inns was owed over the last twenty-four months before the termination, multiplied by the number of months that 5 Star has infringed the Days Inns Marks. This number was then tripled because Days Inns alleges that the violation was deliberate and willful and seeks treble damages under the Lanham Act.

**NOT FOR PUBLICATION**

## CONCLUSION

The Court concludes that default judgment is suitable in this case.  Days Inns' motion for default judgment is granted.   A hearing to determine the appropriate damages will be held on April 12, 2011 at 9:30 a.m.


**s/ William H. Walls**
United States Senior District Judge