UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation, | : : : : | Honorable Madeline Cox Arleo |
| Plaintiff, | : : | Civil Action No. 09-1009 (WHW) |
| v. | : : | **REPORT AND RECOMMENDATION** |
| 5 STAR, INC., an Idaho Corporation; JASWINDER LAL; GURDEEP KAUR; and JHON BANGA, | : : : : : | |
| Defendants. | : : | |

**BACKGROUND**

On March 6, 2009, plaintiff, Days Inns Worldwide, Inc. ("plaintiff"), filed the Complaint. On August 17, 2009, attorney Jay McDaniel entered an appearance on behalf of defendants 5 Star, Inc. ("5 Star"), Jaswinder Lal ("Lal"), Gurdeep Kaur ("Kaur"), and Jhon Banga ("Banga"), improperly pled as "John Banaa," (sometimes collectively "defendants"). On August 18, 2009, the Court entered a Letter Order, scheduling an initial conference for November 23, 2009. The August 18th Letter Order directed the parties to exchange Fed. R. Civ. P. 26 disclosures. Additionally, the Order emphasized that failure to comply with the terms therein may result in the imposition of sanctions. Defendants filed an Answer with affirmative defenses and asserted Counterclaims against plaintiff on August 24, 2009. On September 10, 2009, plaintiff filed an Answer to defendants' Counterclaim.

On November 23, 2009, counsel for both plaintiff and defendants appeared at the conference. On December 10, 2009, the Court entered a Pretrial Scheduling Order, which set

forth, among other things, deadlines for discovery and amendments to the pleadings. The Order also scheduled a telephone status/settlement conference for March 24, 2010 and directed each party to submit a confidential settlement position paper. The Order further emphasized that failure to comply with the Order would result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37.

On March 24, 2010, both parties appeared for the telephone status/settlement conference. On April 1, 2010, the Court issued a Scheduling Order, resetting the deadlines for discovery, among other things. The Order also directed the parties to again submit a settlement position paper for the scheduled telephone status/settlement conference on September 21, 2010.

On May 26, 2010, plaintiff's counsel wrote to the Court, requesting an extension for completing discovery because defendants had neither provided dates for their depositions, nor corrected deficiencies in their written discovery responses. As such, plaintiff's counsel further sought a court order setting forth deposition dates and deadlines for correcting deficient discovery responses.

In response, by letter dated June 1, 2010, defense counsel, Jay McDaniel, Esq., advised the Court of his intent to file a motion to withdraw as counsel. The basis for the motion was defense counsel's inability to contact defendants for more than two months. In light of his anticipated motion, defense counsel did not oppose plaintiff's request for a discovery extension. On June 11, 2010, Mr. McDaniel filed his motion to withdraw, the basis of which was defendants' failure to respond or otherwise cooperate with preparing a defense to this litigation, failure to appear at agreed upon deposition dates, and their failure to pay Mr. McDaniel's outstanding legal fees.

On June 14, 2010, the Court issued an Order, noting that a new discovery schedule would be set, following the Court's decision on the pending motion to withdraw. On August 3, 2010, the Court granted Mr. McDaniel's motion and directed him to provide defendants with copies of the Order. Defendants Lal, Kaur, and Banga were directed to have new counsel enter an appearance on their behalf within 30 days of the August 3rd Order, or by September 2, 2010. If new counsel was not secured by that date, these defendants would be deemed to be proceeding on a pro se basis and require them to attend all court appearances.

As to corporate defendant 5 Star, the Court directed the company to have new counsel enter an appearance on its behalf within 30 days of the August 3rd Order, or by September 2, 2010, as a corporate entity cannot represent itself under applicable law. The Order also provided that if new counsel failed to enter an appearance on behalf of 5 Star by September 2, 2010, the Court would ask the District Judge to strike its Answer and to enter default against it. The Order further directed all parties to submit a proposed joint discovery schedule to the Court within 60 days of the Order.

On September 21, 2010, the Court adjourned the September 21 status conference until November 5, 2010.[1] On October 25, 2010, plaintiff requested a clerk's entry of default against 5 Star for its failure to plead or otherwise defend in this action. The clerk entered default as to 5 Star on October 27, 2010. On January 13, 2011, plaintiff filed a motion for entry of default judgment against 5 Star pursuant to Fed. R. Civ. P. 55(b). On March 29, 2011, District Judge Walls issued an Order granting plaintiff's motion and scheduled a hearing for damages for April 12, 2011.

---

[1] On November 4, 2010, the status conference was adjourned without date.

On March 18, 2011, when the motion for default judgment had still been pending, plaintiff's counsel wrote to the Court, requesting a status conference to address the failure of pro se defendants Lal, Kaur, and Banga to communicate with plaintiff's counsel following the withdrawal of Mr. McDaniel from the case, and their failure to respond to plaintiff's proposed joint discovery plan.  On March 24, 2011, the Court entered a Scheduling Order setting forth new deadlines for, among other things, completing discovery and filing dispositive motions.  The March 24th Scheduling Order reminded the parties to advise the Court of any change in address, phone number, or email address pursuant to L. Civ. R. 10.1(a), and that failure to do so may result in the imposition of sanctions.  The Court provided all pro se defendants with copies of the Order by regular and certified mail.$^{2}$  On March 29, 2011, the Court received executed return receipt cards from Lal and Kaur.  On April 6, 2011, the Court received an unexecuted return receipt card for Banga.

On April 12, 2011, only plaintiff's counsel appeared at the hearing for damages against 5 Star.  No party or counsel appeared on behalf of 5 Star.  On April 19, 2011, Judge Walls entered a final judgment by default in the sum of $243,369.62 in favor of plaintiff and against 5 Star.

On April 28, 2011, plaintiff's counsel wrote to the Court seeking leave to move to strike the Answer of Lal, Kaur, and Banga based on their failure to defend this action since the withdrawal of their attorney from the case on August 3, 2010.  By letter dated July 21, 2011, plaintiff's counsel renewed plaintiff's request that defendants' Answer be stricken for their

---

$^{2}$Consistent with the addresses for the individual defendants as set forth on the official docket, the Court mailed copies of the March 24th Scheduling Order to Jaswinder Lal at "7031 Pembroke Way, Rocklin, CA 95677;" Gurdeep Kaur at 7031 Pembroke Way, Rocklin, CA 95677;" and "John Banaa at 716 N. Ammon Road, Idaho Falls, ID 83451."

failure to participate in discovery or otherwise defend this action since August 3, 2010.[3]

On July 26, 2011, this Court issued an Order scheduling an in person status conference for August 17, 2011 at 12:00 noon. The July 26th Letter Order highlighted that failure to attend the conference would result in sanctions, up to and including dismissal of the Complaint.[4] This Court sent copies of the Order to defendants at their addresses as reflected on the official docket by regular and certified mail.[5] The mailed copies of the Order were returned as undeliverable to Lal, Kaur, and Banga.

On August 17, 2011, only plaintiff's counsel appeared at the conference. No party or counsel appeared on behalf of the individual defendants. On August 17, 2011, this Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of defendants' failure to attend the Court ordered August 17, 2011, Conference. The Order to Show Cause was returnable on September 8, 2011, and defendants were directed to file any written submissions with the Court by September 2, 2011.

Before the September 8, 2011 hearing, defendants did not file any written submissions. On September 8, 2011, no party or counsel appeared on behalf of defendants.

On September 19, this Court entered an Order emphasizing that the defendants had

---

[3] On June 24, 2011, this case was reassigned to the undersigned, triggering plaintiff's counsel's renewed request.

[4] The July 26, Order inadvertently referenced dismissal of the Complaint as a potential sanction for noncompliance. As the individual defendants had been the non-complying parties, the potential sanction would properly be striking their Answer and entry of default.

[5] The Court mailed the July 26th Order to Jaswinder Lal at "7031 Pembroke Way, Rocklin, CA 95677;" Gurdeep Kaur at "7031 Pembroke Way, Rocklin, CA 95677;" and "John Banaa at 716 N. Ammon Road, Idaho Falls, ID 83451."

failed to appear at the August 17th and September 8th conferences. This Court enclosed copies of the two Orders, which had advised them of the two conferences. This Court explained that out of an abundance of caution, it was providing the individual defendants with notice of one final conference, scheduled for October 17, 2011 at 11:00 a.m. The Court reiterated that failure to appear on October 17 would result in sanctions.

As to defendant Banga, the Court, on its own initiative, determined that the correct spelling of his name is "Jhon Banga," and that he was residing at one of two possible addresses: "130 Shannon Drive, Nampa, ID 83687-8207" or "722 Whisper Wood Court, Nampa, ID 83686. As such, the Court mailed the September 19th Order to both "John Banaa" at "722 Whisper Wood Court, Nampa, ID 83686 and "Jhon Banga" at "130 Shannon Drive, Nampa, ID 83687-8207." The Order was sent to each defendant by regular mail and certified mail/return receipt requested.

Significantly, this Court received executed return receipt cards from Lal, Kaur, and Banga for copies of the September 19, 2011 Order sent by certified mail to Jhon Banga at the 130 Shannon Drive address and to Lal and Kaur at the 7031 Pembroke Way address. Yet, no party or counsel appeared on behalf of the individual defendants at the October 17th conference.[6]

## DISCUSSION

The failure of defendants Jaswinder Lal, Gurdeep Kaur, and Jhon Banga, improperly

---

[6] On October 13, 2011, this Court received a letter of October 6, 2011, from Richard Bell, a non-party and hotel manager with 5 Star. In his letter, Mr. Bell explained that "key people" are out of the country until December and therefore would be unable to attend the October 17, 2011 conference. Mr. Bell requested the adjournment of the October 17, 2011 conference until a later date in December 2011 or in January 2012. As Mr. Bell is neither a party in this action nor counsel for the defendants, his request is improper, and thus shall not be considered by the Court herein.

pled as "John Banaa," to comply with the Orders of this Court requires this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id.

1.  The Extent of the Individual Defendants' Personal Responsibility

Following the Court's Order relieving Mr. McDaniel as counsel for defendants, the Court essentially afforded defendants more than sixty days to retain new counsel or appear before the Court on a pro se basis. Instead, defendants chose not to appear before the Court on August 17, 2011, September 8, 2011, or October 17, 2011 as directed. This Court finds that defendants are personally responsible for their failures to comply with the orders of this Court. Their multiple failures to appear and defend their case demonstrates a willful decision to disregard the orders of the Court. Defendants were warned that continued failure to comply would result in sanctions, up to and including, the striking of their Answer. They ignored the Court's Orders of March 24, 2011, July 26, 2011, August 17, 2011, and September 19, 2011.

Defendants are not exempt from responsibility for failure to abide by Court orders simply because they are treated as pro se litigants. "[A]ll litigants, including pro ses, have an

obligation to comply with Court orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994).  Defendants continuously failed to comply with court ordered discovery obligations and appearances for conferences.

Individual defendants made a purposeful decision to thwart discovery and to refuse to appear for court ordered appearances.  Accordingly, this factor favors striking defendants' Answer with affirmative defenses and counterclaims, ordering default be entered against them, and allowing plaintiff to proceed to judgment by default as to defendants.

2.     Prejudice to Plaintiff

Based on defendants' decision to disregard court orders, and to thwart the discovery process, plaintiff is incapable of prosecuting its claims against these defendants.  Despite numerous Orders from this Court, defendants have not attended in person conferences, provided discovery, or appeared for depositions.  Indeed, based on defendants' inaction, it is impossible for plaintiff to understand their defenses and Counterclaims and adequately respond to same.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id.  Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees

8

of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)(citations omitted).

Here, the prejudice is palpable. Plaintiff is unable to ascertain the defenses and counterclaims of Lal, Kaur, and Banga in this suit or prosecute its claims against them. The discovery failures and decision not to appear at court ordered conferences present in this matter weigh in favor of striking defendants' Answer and Counterclaims, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to Lal, Kaur, and Banga.

3.  History of Dilatoriness

Again, none of the individual defendants have made any attempt to explain their failures to comply with discovery obligations or appear for court appearances. As set forth above, this Court made several efforts to permit defendants to defend against this suit by adjourning the court ordered conferences, by allowing them time to secure new counsel after Mr. McDaniel withdrew from the case, and by issuing an Order to Show Cause wherein they were directed to appear for previously missed conferences.

Moreover, in its March 24 Scheduling Order, the Court reminded parties to advise the Court of any change in their addresses. Yet, defendant Banga failed to do so, in direct violation of L.Civ.R. 10.1(a). Nonetheless, this Court, on its own, attempted to secure Banga's proper address. Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history...of ignoring these time limits is intolerable." 747 F.2d at 868. Defendants have ignored court Orders and discovery

9

related deadlines, and have failed to appear at multiple court hearings on August 17, 2011 (resulting in an Order To Show Cause), September 8, 2011, and October 17, 2011.  Despite court orders and deadlines, discovery remains outstanding.  Therefore, this factor weighs in favor of striking defendants' Answer and Counterclaims, ordering that default be entered against the, and allowing plaintiff to proceed to judgment by default as to Lal, Kaur, and Banga.

4.     The Individual Defendants' Conduct Has Been Willful

Given the individual defendants' failure to provide any explanation for their failure to participate in their own defense of this case, the Court finds that defendants' failure to comply with their discovery obligations and court orders was willful in nature.  As set forth above, defendants have failed to appear for in person conferences, respond to discovery requests, attend depositions, and provide the court with current addresses.  Such conduct demonstrates willfulness.  Accordingly, the absence of a reasonable excuse suggests willful conduct or bad faith.  See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel").  This factor warrants striking defendants' Answer and Counterclaims, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to Lal, Kaur, and Banga.

5.     Effectiveness of Alternative Sanctions

As the record reflects, this Court has provided the individual defendants several opportunities to comply with their discovery obligations, to appear at court ordered conferences, and defend against this suit.  The record is also replete with their failures to do so.  To continue to allow defendants further benefits to comply with discovery and appear at court conferences makes this case impossible for the Court to move forward and for plaintiff to prosecute its

claims. Defendants' refusal to follow court orders and discovery rules has been evidenced throughout this case.

The Court has the power to strike a pleading and/or render a judgment by default as a sanction against a party who fails to obey an order regarding discovery. See Fed. R. Civ. P. 37(b)(2). Defendants have made it clear that they will not defend against plaintiff's claims. Despite court orders, the non-compliance continued. The case cannot move forward. Plaintiff is prejudiced. The only appropriate sanction here is to strike defendants' Answer and Counterclaims, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to Lal, Kaur, and Banga.

6.  Meritoriousness of the Defense

The Court has reviewed defendants' Answer to the complaint. However, given the bare-boned nature of the pleading, the Court cannot adequately evaluate the merits, if any, of their defense. Accordingly, as it is not necessary for the Court to reach this factor to recommend striking defendants' Answer and Counterclaims, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to Lal, Kaur, and Banga, this Court declines to consider this factor in weighing the recommended sanctions.

## CONCLUSION

This Court's recommendation of striking the Answer and Counterclaims of Jaswinder Lal, Gurdeep Kaur, and Jhon Banga, improperly pled as "John Banaa," ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to these individual defendants, is not made lightly. However, this Court is convinced that it is left with no alternative. Under the circumstances, no less onerous sanction would be appropriate.

For the reasons set forth above, I recommend that the District Court strike the Answer and Counterclaims of pro se defendants Jaswinder Lal, Gurdeep Kaur, and Jhon Banga, improperly pled as "John Banaa," (Docket Entry No. 14), ordering that default be entered against them, and that plaintiff be allowed to proceed to judgment by default as to these defendants.  The parties have fourteen (14) days from receipt hereof to file and serve objections.

                                                Respectfully submitted,

                                                *s/Madeline Cox Arleo*
                                                MADELINE COX ARLEO
                                                United States Magistrate Judge

Dated: November 17, 2011

Orig.:  Clerk of the Court
cc:     Hon. William H. Walls, U.S.D.J.
        All Parties by Regular and Certified Mail/R.R.R.
        File