NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>5 STAR, INC., an Idaho Corporation, JASWINDER LAL, an individual, GURDEEP KAUR, an individual, and JHON BANGA, an individual,<br><br>　　　　　　　　　　Defendants. | **OPINION**<br><br>Civ. No. 09-1009 (WHW) |

**Walls, Senior District Judge**

Days Inns Worldwide, Inc. ("Days Inns") moves for default judgment against individual defendants Jaswinder Lal, Gurdeep Kaur, and Jhon Banga (improperly pled as "John Banaa"). Because the Court finds that default judgment is appropriate under Federal Rule of Civil Procedure 55(b)(2), Days Inns' motion for default judgement is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Days Inns brings this suit based on a license agreement between Days Inns and corporate defendant 5 Star dated July 11, 2003 ("License Agreement") for the operation of a 61-room guest lodging facility in Nampa, Idaho. Compl. ¶ 20, Ex. A. Under the terms of the License Agreement, 5 Star was obligated to operate and maintain the facility for a period of 15 years and make periodic payments to Days Inns for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively, the "recurring

1

**NOT FOR PUBLICATION**

fees"). Id. ¶¶ 21–22. An addendum for satellite connectivity services was also executed between the parties on July 11, 2003. Id. ¶ 32, Ex. B. Defendants Jaswidner Lal, Gurdeep Kaur and John Banga are principals of 5 Star who provided Days Inns with a guaranty of 5 Star's obligations and promised to "immediately make each payment and perform or cause to be performed each obligation required of Licensee under the agreement." Id. ¶¶ 34–35, Ex. C.

Days Inns reserved the right to terminate the License Agreement if 5 Star failed to pay amounts owed under the license agreement or failed to remedy "any other default of its obligations or warranties under the License Agreement within 30 days after receipt of written notice from Days Inns specifying one or more defaults under the License Agreement." Id. ¶ 25, Ex. A. Under the terms of the License Agreement, 5 Star agreed to pay liquidated damages in the amount of $61,000 in the event of a termination of the license agreement and $1,000 in liquidated damages in the event that the addendum to the license agreement was terminated. Id. ¶¶ 26–27. Any past due amounts were subject to interest and the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts under this Agreement." Id. ¶¶ 30–31.

On November 19, 2007, Days Inns advised 5 Star by letter that: (1) 5 Star was in breach of the License Agreement for failing to pay the recurring fees, (2) according to the License Agreement, 5 Star had 30 days to cure this monetary default, and (3) if the default was not cured, the License Agreement was subject to termination. Id. ¶ 37, Ex. D. Days Inns again wrote to 5 Star on February 11, 2008, claiming that $79,387.77 in recurring fees was due and reminding 5 Star of Days Inns' option to terminate the license agreement if the past due monies were not paid. Id. ¶ 38, Ex. E. After the requested fees were not paid, Days Inns terminated the license agreement by letter on March 24, 2008. Id. ¶ 39. See id. Ex. F.

**NOT FOR PUBLICATION**

On March 6, 2009, Days Inns filed the Complaint alleging breach of contract, unjust enrichment, and a violation of the Lanham Act. The Complaint requested liquidated or actual damages, restitution, disgorgement of profits for misuse of the Days Inns' trademarked material, and a declaratory judgment concerning its rights to deflag the property. Jaswidner Lal, Gurdeep Kaur, and Jhon Banga waived service on April 30, 2009. ECF No. 8. On August 24, 2009, 5 Star and the individual defendants filed an answer and asserted a counterclaim against Days Inns for breach of an implied covenant of good faith and fair dealing. ECF No. 14.

Although all four defendants were initially represented by counsel, their counsel was permitted to withdraw on August 3, 2010. ECF No. 28. Because 5 Star failed to obtain replacement counsel within 30 days as directed by the Magistrate Judge, default was entered against this corporate defendant only on October 27, 2010. The Court granted Days Inns' motion for default judgment as to defendant 5 Star only on March 29, 2011 and conducted a hearing on damages on April 12, 2011. On April 19, 2011, the Court entered a default judgment only against 5 Star in the amount of $243,369.62, consisting of $123,580.82 for recurring fees owed, $93,937.60 for liquidated damages, and $25,851.20 for attorneys' fees and costs. The Court did not award any damages on the Lanham Act claim.

The individual defendants Jaswinder Lal, Gurdeep Kaur, and Jhon Banga proceeded on a pro se basis after the withdrawal of their counsel, but consistently failed to appear when required or otherwise comply with the Magistrate Judge's orders. On January 12, 2012, this Court adopted a Report and Recommendation by the Magistrate Judge and ordered as a sanction that the Clerk strike the Answer and Counterclaims and enter default as to these defendants. The entry of default was made on January 13, 2012.

**NOT FOR PUBLICATION**

Days Inns now moves for the entry of a default judgment against Jaswinder Lal, Gurdeep Kaur, and Jhon Banga in the amount of $263,680.08.[1] This amount consists of (1) $123,580.82 for recurring fees owed, (2) $62,000.00 in liquidated damages with an additional $43,545.92 in prejudgment interest,[2] and (3) $34,553.34 for attorneys' fees and costs. Aff. of Suzanne Fenimore in Supp. of Mot. for Default J. ("Fenimore Aff.") ¶¶ 21, 28–30. Days Inns does not seek any damages on the Lanham Act claim. Jaswinder Lal, Gurdeep Kaur, and Jhon Banga have not filed any opposition to this motion. Pursuant to Federal Rule of Civil Procedure 78, the motion is decided without oral argument.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (quotation omitted). Because default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). Accordingly, the Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not without limits." Hritz, 732 F.2d at 1181. Cases should be "disposed of on the merits whenever practicable." Id. See also $55,518,05 in U.S. Currency, 728 F.2d at 194–95.

---

[1] Days Inns' proposed order and supporting affidavit appear to include a calculation error in reaching the total damages requested. The defendant formally requests a total of $265,620.57 in damages. See Fenimore Aff. ¶ 31; Proposed Final Judgment by Default. The sum of the component damages requested, however, is only $263,680.08.
[2] Days Inns is inconsistent regarding the requested amount of prejudgment interest on liquidated damages. See Fenimore Aff. Ex. I (requesting $52,530.84 in prejudgment interest). But see Proposed Final Judgment by Default; Fenimore Aff. ¶ 29 (requesting $43,545.92 in prejudgment interest). This Court will assume that Days Inns is requesting $43,545.92 because this is supported by the interest calculation set forth in the supporting affidavit.

**NOT FOR PUBLICATION**

In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). The court must, however, make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and an "independent determination" regarding questions of law. Days Inns Worldwide, Inc. v. Mayu & Roshan, L.L.C., No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). The Third Circuit has explained that three factors control whether a default judgment should ultimately be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

## DISCUSSION

### I.   Jurisdiction

Before entering a default judgment as to a party "that has not filed responsive pleadings, a district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C., No. 05-cv-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008).

Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. § 1332. Days Inns is a Delaware corporation, with its principal place of business in New Jersey. Compl. ¶ 1. Defendants Jaswinder Lal and Gurdeep Kaur are citizens of the state of California. Id. ¶¶ 3–4. Defendant Jhon Banga is a citizen of the state of Idaho. Id. ¶ 5. Defendant 5 Star is an Idaho corporation with its principal place of business in Idaho. Id. ¶ 2. The amount in controversy in the matter, exclusive of interests and costs, exceeds the sum of $75,000. See id. ¶ 72.

**NOT FOR PUBLICATION**

This Court possesses personal jurisdiction over defendants Jaswinder Lal, Gurdeep Kaur, and Jhon Banga. Under Section 17.6.3 of the License Agreement, defendant 5 Star consented and waived objection "to the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey." Id. ¶ 8, Ex. A. Defendants Jaswinder Lal, Gurdeep Kaur, and Jhon Banga, as guarantors, acknowledged that this provision also applied under the guaranty. Id. ¶ 9, Ex. C. The defendants waived service of process on April 30, 2009.

**II.     Liability**

Because a party seeking a default judgment is not entitled to such relief as a matter of right, the court may enter a default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." Nautilus Ins. Co. v. Triple C. Const. Inc., No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011). Days Inns requests default judgment here against defendants Jaswinder Lal, Gurdeep Kaur, and Jhon Banga on the breach of contract claims seeking liquidated damages and recurring fees owed under the License Agreement.[3] Days Inns also seeks to recover attorneys' fees and costs from these defendants. Days Inns does not seek default judgment against the individual defendants on the Lanham Act claim.

This Court finds that Days Inns has sufficiently demonstrated the liability of the the individual defendants. Pursuant to the choice of law clause in Section 17.6.1 of the License Agreement, New Jersey law governs the breach of contract claim. Compl. Ex. A. To establish liability for breach of contract, Days Inns bears the burden of showing (1) that the parties entered into a valid contract, (2) breach of the obligations under that contract, and (3) damages resulting from the breach. Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007). The Court has already found that Days Inns adequately alleged that 5 Star breached a valid contract

---

[3] Although the Complaint also asserts a claim to recover the recurring fees under a theory of unjust enrichment, Compl. ¶¶ 74–78, the Court need not consider the sufficiency of this claim because it finds that Days Inns has established liability for these fees under its related breach of contract claim.

NOT FOR PUBLICATION

through its failure to pay the recurring fees and liquidated damages owed under the License Agreement and that Days Inns suffered damages as a result. Days Inns Worldwide, Inc. v. 5 Star, Inc., No. 09-cv-1009, 2011 WL 1253746, at *4 (D.N.J. Mar. 29, 2011). The joint and several liability of Jaswinder Lal, Gurdeep Kaur, and Jhon Banga for these claims is established based on the terms of the separate guaranty. See generally Cruz–Mendez v. ISU / Ins. Servs. of San Francisco, 722 A.2d 515, 521–22 (N.J. 1999) ("Under a guaranty contract, the guarantor, in a separate contract with the obligee, promises to answer for the primary obligor's debt on the default of the primary obligor."). Under this agreement, these three individual defendants agreed to "guaranty that [5 Star's] obligations under the [License] Agreement . . . will be punctually paid and performed." Compl. ¶¶ 84–87, Ex. C. These defendants also agreed to "immediately make each payment and perform or cause [5 Star] to perform, each unpaid or unperformed obligation" under the License Agreement. Id.

### III. Propriety of Entry of Default Judgment

The Court has already established that Days Inns has properly asserted this Court's jurisdiction over the case and the parties, the Clerk of the Court has entered default against the individual defendants, and Days Inns has established legitimate causes of action for breach of contract. The Court must further determine whether default judgment is appropriate by evaluating the prejudice to the plaintiff if default is denied, whether the defendant appears to have a litigable defense, and whether the failure to respond was due to culpable conduct. Chamberlain, 210 F.3d at 164. These factors support the issuance of a default judgment against Jaswinder Lal, Gurdeep Kaur, and Jhon Banga.

As this Court has already found in ruling on the motion for default judgment against 5 Star, Days Inns will continue to be harmed if a default judgment is not entered against the

defendants. See Days Inns Worldwide, Inc., 2011 WL 1253746, at *5. Days Inns "will not be able to seek damages for [its] injuries due to defendant's continuing refusal to comply with Court orders." Newman v. Axiom Worldwide, No. 06-5564, 2010 WL 2265227, at *5 (D.N.J. June 2, 2010). Furthermore, the amounts owed on the liquidated damages are subject to interest. The defendants will owe Days Inns more money and Days Inns will suffer additional harm as recovery is delayed. See Howard Johnson Int'l., Inc. v. Patel, No. 11-cv-918, 2011 WL 2148575, at *4 (D.N.J. May 31, 2011).

This Court has already found culpable conduct on the part of defendants Jaswinder Lal, Gurdeep Kaur, and Jhon Banga. The Third Circuit has defined culpable conduct as conduct that is "taken willfully or in bad faith." Chamberlain, 210 F.3d at 164. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984). The Court has already adopted the Magistrate Judge's finding that the individual defendants were personally responsible for their repeated failure to comply with orders and to appear when required and that this conduct "demonstrates a willful decision to disregard the orders of the Court." Report & Recommendation 7.

Although the defendants have raised potential defenses to the breach of contract claims, the Court is not persuaded that this factor weighs sufficiently in their favor to deny Days Inns' motion. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 869-70 (3d Cir.1984) (citation omitted). In deciding the earlier motion for default judgment as to the corporate defendant 5 Star, the Court noted that the defendants filed an answer denying many of Days Inns' allegations and

**NOT FOR PUBLICATION**

further alleging that Days Inns itself violated the agreement. Days Inns Worldwide, Inc., 2011 WL 1253746, at *5. The Court noted that the defendants' statements, if true, would constitute a meritorious defense to Days Inns' claims. Id. Because the defendants have provided only bare-boned allegations and have chosen not to develop their defenses by continuing to litigate this action, however, the Court is unable to evaluate the factual merit of any defense. While the Court has noted that this would weigh against default judgment, the Court finds that this factor is outweighed by the defendants' culpable conduct in failing to continue litigating this matter and the resulting prejudice to Days Inns.

    **IV.    Damages**

Days Inns now moves for the entry of a default judgment against Jaswinder Lal, Gurdeep Kaur, and Jhon Banga in the total amount of $263,680.08. This consists of (1) $123,580.82 for recurring fees owed, (2) $62,000.00 in liquidated damages with an additional $43,545.92 in prejudgment interest, and (3) $34,553.34 for attorneys' fees and costs.

The only allegations in a plaintiff's complaint not treated as true upon the entry of a default judgment are those pertaining to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Under Federal Rule of Civil Procedure 55(b)(2), a district court "may conduct such hearing or order such references as it deems necessary and proper" in order "to determine the amount of damages." If the damages are for a "sum certain or for a sum which can by computation be made certain," further evidentiary inquiry is not necessary. Fed. R. Civ. P. 55(b)(1); Comdyne I, 908 F.2d at 1149.

Here, Days Inns' damages asserted under the breach of contract claims for recurring fees and liquidated damages do not require further inquiry and will be awarded by the Court. Reasonable liquidated damages clauses are enforceable under New Jersey law. MetLife Capital

**NOT FOR PUBLICATION**

Financial Corp. v. Washington Ave. Associates L.P., 732 A.2d 493, 495 (N.J. 1999). The liquidated damages arising from the License Agreement are for an agreed upon amount that is reasonable under the circumstances. Under Section 12.1 and 18.1 of the License Agreement, Days Inns has established that the defendants are liable for liquidated damages in the amount of $61,000, calculated on the basis of $1,000 for each of the 61 guest rooms in the facility. Fenimore Aff. ¶ 26, Ex. A. Days Inns has established further liquated damages of $1,000 for early termination of the satellite connectivity addendum to the License Agreement. Id. ¶ 27, Ex. B. Days Inns has also established that damages include $43,545.92 in prejudgment interest calculated at 1.5% per month on the total $62,000 in the liquidated damages from April 12, 2008, which is 30 days following the date of termination. Id. ¶ 29, Exs. A–B, G. The recurring fees due can also be computed by formulas specified under the License Agreement. See Ramada Worldwide Inc. v. ERS Invs. Inc., No. 07-cv-1095, 2008 WL 163640, at *6 (D.N.J. Jan. 16, 2008). The itemized statement submitted by Days Inns supports its claim for recurring fees of $123,580.82 and is consistent with this Court's earlier default judgment against corporate defendant 5 Star. Fenimore Aff. ¶ 21, Ex. H.

     Days Inns also sufficiently establishes the costs and attorneys' fees. The Court has already found that Days Inns was entitled to recover from 5 Star "all costs and expenses, including reasonable attorneys' fees" under section 17.4 of the License Agreement. Days Inns Worldwide, Inc., 2011 WL 1253746, at *5. Attorneys' fees clauses are enforceable under New Jersey law. See North Bergen Rex Transport, Inc. v. Trailer Leasing Co., 730 A.2d 843, 848 (N.J. 1999). Federal Rule of Civil Procedure 54 further provides that "costs – other than attorneys' fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Days Inns' request for $34,553.34 in attorneys' fees and costs will be granted here based on the supporting

**NOT FOR PUBLICATION**

documentation submitted. Certification of Bryan P. Couch, Esq. in Supp. of Mot. for Default J. ¶¶ 11–13, Ex. B.

## CONCLUSION

Because the Court finds that default judgment is appropriate and Days Inns has adequately established a claim for liability and the amount of damages, Days Inns' motion for default judgment as to defendants Jaswinder Lal, Gurdeep Kaur, and Jhon Banga is granted.

April 11, 2012

/s/ **William H. Walls**
United States Senior District Judge